UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 2302 N. TRUMAN ENTERTAINMENT MGMT., LLC, d/b/a Pure Pleasure Boutique,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PEVELY, MISSOURI, A Municipal Corporation,<br><br>    Defendants. | Case No. 4:11CV171 HEA |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the City of Pevely's Motion to Remand, [Doc. No. 15]. For the reasons set forth below, the Motion is denied.

Plaintiff in Cause Number 4:11CV171HEA, 2302 N. Truman Entertainment, MGMT., LLC, filed its action against Defendant, City of Pevely, Missouri, on January 25, 2011, pursuant to 28 U.S.C. § 1983 alleging that the City violated it's rights under the First and Fourteenth Amendments to the United States Constitution. In a nutshell, Plaintiff, 2302 N. Truman alleged that the City's failure to issue a business license to Plaintiff for its "Pure Pleasure Boutique" violated it's constitutional rights of free speech and due process.

Subsequently, Defendant filed an action for injunctive relief in the Circuit Court of Jefferson County, Missouri, seeking to enjoin 2302 N. Truman from

operating its "adult oriented business" without a business license, in violation of the Municipal Code and Code of Ordinances of the City of Pevely. The City of Pevely would not issue 2302 N. Truman a business license because it contends the business violates the Municipal Code and Code of Ordinances of the City of Pevely.

The Court consolidated these actions on April 14, 2011, and ordered all pleadings to be filed in 2302 N. Truman's case against the City of Pevely. The City now moves to remand its action to the Circuit Court for Jefferson County, Missouri.

The City argues that its action is based solely on Missouri State law, that there are no issues of federal law, and therefore, the Court is without jurisdiction to hear the matter. Pevely argues that "this case is about whether or not plaintiff may, pursuant to the constructs and holding of the Supreme Court's decision in *Cty of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct 925, 89 L.Ed.2d 29 (1986), limit by way of zoning the secondary effects of the sale at retail of sexually oriented material." Defendant argues that pursuant to *City of Renton,* it is within its bounds to enact ordinances which limit the locations of sexually oriented businesses, and therefore, the matter fails to raise a federal question. Moreover, Defendant argues that even if there is "arguably" a federal question of

constitutional rights, the Pevely ordinances and Missouri statutes pass constitutional muster.

Defendant's argument, however, fails to recognize that *City of Renton* was in fact brought in the federal court challenging the constitutionality of the City of Renton's ordinances. Realistically, Defendant's argument goes to the merits of the underlying issues rather than to whether the Court has jurisdiction to adjudicate the claims herein.

Additionally, it appears as if Defendant is challenging the Court's jurisdiction in the initial action brought by 2302 N. Truman, even though it is filed with regard to its action against 2302 N. Truman. As clearly set out in Plaintiff's Notice of Removal of Defendant's later filed action, the Court's jurisdiction in Cause Number 4:11CV488HEA is premised on the Court's diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. Defendant completely fails to discuss the Court's diversity of citizenship jurisdiction.

The Court has jurisdiction both over Plaintiff's constitutional challenges and Defendant's action against Plaintiffs by reason of the parties' diverse citizenship. There is, therefore, no basis upon which the Court can, and should remand Defendant's action to the Circuit Court of Jefferson County.

Accordingly,

**IT IS HEREBY ORDERED** that the City of Pevely's Motion to Remand, Doc. No. 15], is **DENIED**.

Dated this 27th day of March, 2012.

                                              HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE